UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CARSONLEROY and <br> INEITHA MALONEY, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. 19-10629-LTS <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION (DOC. NO. 2)

April 4, 2019

SOROKIN, J.

Plaintiffs CarsonLeroy and Ineitha Maloney have brought this action against defendant Wells Fargo Bank, N.A. ("Wells Fargo") to stop the judicial foreclosure on a property they own in Cape Coral, Florida, and the property's sale at auction. Doc. No. 1. They have also filed an emergency motion for a temporary restraining order and preliminary injunction blocking the sale, which is currently scheduled for April 8, 2019. Doc. No. 2.

The plaintiffs bring two causes of action against Wells Fargo. First, Count I alleges that Wells Fargo's conduct has violated the Maloneys' constitutional right to due process. Doc. No. 1 ¶¶ 29–32. Although the complaint does not explicitly refer to 42 U.S.C. § 1983, that statute appears to provide the only conceivable cause of action for the Maloneys' constitutional claim, and the Court therefore treats their claim as one under that statute. See, e.g., Lovering v. Massachusetts, Civ. No. 16-10067, 2016 WL 2977261, at *2 n.2 (D. Mass. May 20, 2016).

"To state a claim under that statute, a plaintiff must assert two allegations: (1) that some person deprived her of a federal right, and (2) that such person acted under color of state or territorial law. Significantly, § 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful." Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (citations and internal quotations omitted). However, "a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982).

To the extent that the Maloneys' complaint alleges "merely private conduct" by Wells Fargo, it fails to allege the necessary state action to state a claim under § 1983 and thereby confer jurisdiction on this Court. However, although Wells Fargo is the only named defendant, the gravamen of the complaint is that the Florida court in which Wells Fargo brought foreclosure proceedings did not hold a hearing before scheduling a foreclosure auction. Doc. No. 1 ¶ 28. Even assuming that Wells Fargo's participation in the state-court foreclosure proceedings renders it a state actor for the purpose of § 1983, the Maloneys therefore seek review of the final judgment of a state court—an activity outside this Court's jurisdiction. See Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47, 50 (1st Cir. 2019) ("Under the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").[1] As a result, this Court lacks subject-matter jurisdiction over Count I.

---

[1] Given that the Maloneys' complaint alleges that the Florida court has scheduled the foreclosure sale of their property, the Court infers that the Florida court reached a final judgment in the Maloneys' case, making Rooker-Feldman abstention appropriate. However, even if the Florida court has not reached final judgment, the Younger doctrine would still require this Court to abstain from interfering with the Florida court's ongoing proceedings. See Esso Standard Oil Co. v. Lopez-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) ("In the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts

2

Count II alleges a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and one of its implementing regulations, 12 C.F.R. § 1024.41. The Maloneys allege that Wells Fargo failed to respond to their facially complete application for a mortgage loan modification within the period required by the regulation and that, as a result, Wells Fargo may not foreclose on the Maloneys' property. Doc. No. 1 ¶¶ 38–39, 42.

This Court lacks jurisdiction to review Count II. "Any action pursuant to [§ 2605] may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614; see also Crenshaw v. Specialized Loan Servicing, LLC, 688 F. App'x 713 (11th Cir. 2017) (treating § 2614's venue provision as exclusive). The property at issue is not located in the District of Massachusetts, but rather in the Middle District of Florida. Nor does the Maloneys' complaint allege any violation of § 2605 that occurred in Massachusetts. Accordingly, venue in the District of Massachusetts is improper.

In accordance with the foregoing, Count I is DISMISSED, see Fed. R. Civ. P. 12(h)(3), while Count II is TRANSFERRED to the Middle District of Florida, see 28 U.S.C. § 1404(a).[2] The Clerk shall transfer this case to the United States District Court for the Middle District of

---

should abstain from interfering with ongoing state judicial proceedings."); see also Silva v. Massachusetts, 351 F. App'x 450, 460 (1st Cir. 2009) (discussing Younger abstention with respect to ongoing state-court foreclosure proceedings).

[2] With respect to Count II, the Court expresses no opinion on the pending motion for a temporary restraining order and preliminary injunction, Doc. No. 2, which it lacks jurisdiction to review. However, the Court notes that, had this Court scheduled a hearing on the motion, it would have directed the Maloneys to effect service promptly so that Wells Fargo could attend the hearing, if feasible.

Florida. Nothing in this Order precludes the Maloneys from refiling their action, either in the Middle District of Florida or elsewhere, to ensure an opportunity to be heard as soon as possible.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge