UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARSON LEROY MALONEY and
INEITHA MALONEY,

      Plaintiffs,

v.                                                        Case No.:   2:19-cv-209-FtM-38MRM

WELLS FARGO BANK N.A.,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Carson Leroy Maloney and Ineitha Maloney's Motion for Temporary Restraining Order and Preliminary Injunction to enjoin the foreclosure sale of their home set for April 8, 2019.  (Doc. 2).  Plaintiffs want this Court to cancel the sale because Defendant Wells Fargo Bank N.A., obtained the foreclosure judgment from a state court in violation of the Real Estate Settlement Procedures Act ("RESPA") and a corresponding regulation.  For these reasons, the Court denies the motion.

Plaintiffs bought a home in Cape Coral, Florida.  To do so, they secured a mortgage that Wells Fargo holds.  But about six years ago, Wells Fargo won a foreclosure judgment against Plaintiffs in Florida state court.  Before the home was auctioned, Plaintiffs filed a bankruptcy petition that stayed the sale.  A few months ago, the bankruptcy case was dismissed.  Before the dismissal, however, "Wells Fargo solicitated

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  The hyperlinks are for convenience only.  Hyperlinked documents in CM/ECF are subject to PACER fees.  By hyperlinking to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  The Court also has no agreements with any of third parties or their websites.  The Court accepts no responsibility for the availability or functionality of the hyperlink.  Thus, this Opinion and Order is not affected if a hyperlink stops working or directs the user to another site.

at least two loan modification applications from [Plaintiffs]." (Doc. 1 at ¶ 21). Plaintiffs applied as recently as January 2019. (Doc. 1 at ¶ 21). Wells Fargo then asked for more information that Plaintiffs provided on February 20, 2019. On that same day, the Florida state court rescheduled the foreclosure sale for April 8, 2019. (Doc. 3 at 14). Plaintiffs have not heard from Wells Fargo on a loan modification.

Plaintiffs now sue Wells Fargo in federal court (Doc. 1) and move for a temporary restraining order and preliminary injunction (Doc. 2). They first filed this case in the United States District Court for the District of Massachusetts, claiming violations of the Fourteenth Amendment's due process clause and RESPA. The District of Massachusetts dismissed the due process count for lack of subject matter jurisdiction and transferred the RESPA claim to this Court. (Doc. 7). The TRO motion is ready for review.

Federal courts may issue a temporary restraining order without notice to adverse parties in limited circumstances. Fed. R. Civ. P. 65(b); Local Rule 4.05. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. (65)(b)(1). Plaintiffs' motion does not comply with either requirement. Neither an affidavit nor verified complaint supports the motion. And their attorney has not certified his efforts to give notice to Wells Fargo. For this reason, the Court denies the motion.

Even setting aside the procedural defects, the federal Anti-Injunction Act forecloses injunctive relief to Plaintiffs. The Act says, "[a] court of the United States may

not grant an injunction to stay proceedings in a State court except as authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because the law protects the independence between the federal and state judicial systems, courts narrowly construe its language. See *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) (citations omitted); *Minerals, Inc. v. United States*, 352 U.S. 220, 225 (1957). After considering Plaintiffs' motion and attached exhibits, none of the Act's exceptions apply here. See *Morris v. Wells Fargo Bank, N.A.*, No. 6:15-CV-962-ORL-37TB, 2015 WL 4231656, at *3 (M.D. Fla. July 10, 2015) (citing *Gomez v. Bank of Am. Corp.,* No. 8:15-cv-324-T-33EAJ, 2015 WL 667664, at *2 (M.D. Fla. Feb.17, 2015) (citing the Act in its decision to reject an emergency motion to enjoin state court foreclosure sale of home) (other citation omitted)).

What is more, the *Rooker–Feldman*[2] abstention doctrine also forecloses injunctive relief. Under the doctrine, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). Those "task[s are] reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine extends to claims "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise those claims in the state proceedings. *Goodman*, 259 F.3d at 1332. A claim is inextricably intertwined when federal relief can be predicted only upon a finding that the state court was wrong. *Id.*

Plaintiffs' request for injunctive relief is premised on their contention that the state court erred in issuing the foreclosure judgment and setting the auction. Their relief is thus

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462(1983).

3

inextricably intertwined with the state court proceedings. Plaintiffs want the Court to stop the foreclosure sale because Wells Fargo allegedly did not follow RESPA's loss mitigation procedures. But Plaintiffs were—and still are—free to present these arguments in the state court foreclosure proceeding. *See Froncek v. Nationstar Mortgage LLC*, No. 2:15-CV-458-FTM-29CM, 2015 WL 12838166, at *1 (M.D. Fla. Aug. 3, 2015) (denying a temporary restraining order for an alleged RESPA violation under the *Rooker-Feldman* doctrine); *Stephens v. Seidman*, No. 5:11-CV-16-OC-10KRS, 2011 WL 3156265, at *1 (M.D. Fla. July 26, 2011) (denying a temporary restraining order because, "[a]lthough the [p]laintiff has couched several of her claims as violations of federal law, what she is really asking is for this [c]ourt to review a final state court judgment."). Under these circumstances, the Court must abstain from issuing a temporary restraining order or preliminary injunction. If they seek emergency relief, they should do so in the pending action in Florida state court.

Accordingly, it is now

**ORDERED:**

Plaintiff Carson Leroy Maloney and Ineitha Maloney's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of April 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4